1 **COHELAN KHOURY & SINGER**
2 Michael D. Singer (SBN 115301)
  msinger@ckslaw.com
3 J. Jason Hill (SBN 179630)
  jhill@ckslaw.com
4 Kristina De La Rosa (SBN 279821)
  kdelarosa@ckslaw.com
5 605 C Street, Suite 200
  San Diego, CA 92101
6 Tele.: (619) 595-3001/Fax: (619) 595-3000
7

8 **LAW OFFICES OF SAHAG MAJARIAN II**
9 Sahag Majarian, II (SBN 146621)
  sahagii@aol.com
10 18250 Ventura Blvd.
   Tarzana, CA 91356
11 Tele.: (818) 609-0807/Fax: (818) 609-0892
12

13 Attorneys for Plaintiff BENJAMIN PEDERSON
14 individually and on behalf of others similarly situated

**UNITED STATES DISTRICT COURT FOR THE**
15
16 **CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

17 BENJAMIN PEDERSON, individually ) CASE NO.
18 and on behalf of himself and others )
   similarly situated, )
19 ) **CLASS ACTION COMPLAINT**
              Plaintiff, ) **FOR:**
20 )
        vs. ) (1)  Violation Of The  Federal Fair
21 ) Credit Reporting Act ("FCRA") [15
22 ADP, LLC; a California Limited ) U.S.C. § 1681b(b)(2)(A)];
   Liability Company; ADP PAYROLL )
23 SERVICES, INC., a Delaware ) (2)  Violation Of The California
   Corporation; AUTOMATIC DATA ) Investigative Consumer Reporting
24 PROCESSING, INC., a Delaware ) Agencies Act ("ICRAA") [Cal. Civil
   Corporation; and DOES 1 through 100, ) Code § 1786];
25 inclusive, )
26 ) (3)  Violation Of California Unfair
              Defendants. ) Competition Law [Cal. B&P Code
27 ) §§17200, *et seq.*]
28 )
   _____ ) **DEMAND FOR JURY TRIAL**

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Plaintiff BENJAMIN PEDERSON ("Plaintiff" or "PEDERSON"), individually and on behalf of himself and others similarly situated, alleges as follows:

## INTRODUCTION

1.    Plaintiff brings this as a proposed class action against Defendants ADP, LLC; ADP PAYROLL SERVICES, INC.; AUTOMATIC DATA PROCESSING, INC. (collectively referred to as "Defendants" or "ADP")' and DOES 1 through 100, on behalf of a nationwide class and a California subclass of all individuals who applied for employment by authorizing Defendants to collect consumer reports without providing and/or obtaining a lawful and compliant disclosure required by the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. section 1681b(b)(2)(A), and the California Investigative Consumer Reporting Agencies Act ("ICRAA"), California Civil Code sections 1786, *et seq.*, wherein a consumer report cannot be lawfully obtained without obtaining a valid, lawful, and signed authorization form prior to obtaining such a report.

2.    At all times relevant to this action, Plaintiff is informed and believes that ADP was the exclusive drafter and preparer of certain proprietary "ADP Screening and Selection Services" forms that were purported to comply with the FCRA and the ICRAA.

3.    At all relevant times to the action, Plaintiff is informed and believes that the "ADP Screening and Selection Services" forms contained extraneous material, were not clear and conspicuous, and were otherwise non-compliant with the statutory requirements of the FCRA and/or the ICRAA.

4.    Plaintiff alleges that Defendants violated the FCRA by: (1) failing to give Plaintiff and other employment applicants a clear and conspicuous disclosure in a stand-alone document that a consumer report may be required, in violation of 15 U.S.C. section 1681b(b)(2); (2) failing to provide Plaintiff and other employment applicants a copy of the consumer report before taking adverse

action, in violation of 15 U.S.C. section 1681b(b)(3); (3) failing to provide Plaintiff and other employment applicants a summary of their rights under the FCRA before taking adverse employment action, in violation of 15 U.S.C. section 1681b(b)(3); (4) failing to provide Plaintiff and other employment applicants an adverse action notice informing them that a final decision had been made and containing certain required information, in violation of 15 U.S.C. section 1681m(a); and (5) failing to certify in writing to the consumer reporting agency retained to furnish the background checks that they would comply with the requirements under the FCRA regarding disclosure, consent, and notice, that they would use the consumer report for an authorized purpose, and that they would not use information in violation of any state or federal discrimination laws, in violation of 15 U.S.C. sections 1681b(b)(1) and 1681b(f).

5.    Plaintiff alleges that Defendants' violations of the ICRAA include: (1) failing to give Plaintiff and other employment applicants a clear and conspicuous disclosure in a stand-alone document that an investigative consumer report may be required, in violation of California Civil Code section 1786.16(a); (2) failing to give Plaintiff and other employment applicants a clear and conspicuous disclosure in a stand-alone document of the nature and scope of an investigative consumer report, in violation of California Civil Code section 1786.16(a); (3) failing to provide Plaintiff and other employment applicants a copy of the investigative consumer report, in violation of California Civil Code section 1786.16(b); and (4) failing to certify to the investigative consumer reporting agency that they have made the applicable required disclosures to the consumer and that they will comply with the notice requirements under the ICRAA, in violation of California Civil Code section 1786.16(a).

6.    Plaintiff intends to seek certification of the following Plaintiff Class and Subclass pursuant to Fed. R. Civ. P. Rules 23(b)(2), 23(b)(3), and/or 23(c)(4) as to the following initially-defined individuals:

**PLAINTIFF NATIONWIDE "FCRA" CLASS:** All persons in the United States of America from at least five years prior to the commencement of this action until commencement of trial (or such earlier time before trial as the Court may order, i.e., the proposed "CLASS PERIOD") whom (1) Defendants provided a FCRA "Screening and Selection Services" Authorization and Release document identical to or substantially identical to the disclosure document provided to Plaintiff as part of a job application process and (2) where Defendant actually acquired and/or obtained a "background check" and/or "consumer report" for such individuals based on the executed "ADP Screening and Selection Services" Authorization and Release document.

**PLAINTIFF CALIFORNIA "ICRAA" SUBCLASS**: All persons residing in the State of California from at least two years prior to the commencement of this action until commencement of trial (or such earlier time before trial as the Court may order, i.e., the proposed "CLASS PERIOD") who (1) Defendants provided a ICRAA "ADP Screening and Selection Services" Authorization and Release document identical to or substantially identical to the disclosure document provided to Plaintiff as part of a job application process and (2) where Defendants actually acquired and/or obtained a "background check" and/or "consumer report" for such individuals based on the executed "ADP Screening and Selection Services" Authorization and Release document.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this class action pursuant to 28 U.S.C. section 1331 and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. sections 1681, *et seq*., because this case involves the FCRA. An action to enforce any liability created under the FCRA may be brought in any appropriate United States district court not later than the earlier of either two years after the date of discovery by the plaintiff of the violation or five years after the date on which the violation that is the basis for the action. 15 U.S.C. § 1681p.

8.      Defendants ADP, LLC a California Limited Liability Company, ADP PAYROLL SERVICES, INC., and AUTOMATIC DATA PROCESSING, INC. are believed to be Delaware Corporations with their headquarters and

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

principle place of business located at One ADP Boulevard, in Roseland, New Jersey, 07086. Defendants provide consumer reporting, investigation and background checks, as well as payroll services throughout the country. See, https://www.adp.com/about-adp.aspx.

9.     Further, Plaintiff is informed and believes that California and nationwide employment application records are processed by ADP with disclosure documents that are non-compliant under either the FCRA or the ICRAA in that the required consent forms fail to contain lawful and proper required language for consumer and investigatory background checks. Plaintiff applied for employment in the County of San Bernardino in the State of California and executed what was later discovered to be unlawful background disclosure forms prepared and processed by Defendants in approximately September 19, 2017. Plaintiff is informed and believes that all employers who utilize Defendants' consumer and background check processing services were provided unlawful disclosure and consent forms that either violated the FCRA nationally and/or violated the ICRAA within the State of California.

10.    This Court also has jurisdiction pursuant to 28 U.S.C. section 1441(a) based on 18 U.S.C. section 1332(d). This is a putative class action whereby: (i) the proposed nationwide class consists of more than 100 members; (ii) at least some class members have a different citizenship from Defendants; and (iii) the claims of the proposed class exceed $5,000,000.00 in the aggregate.

11.    Accordingly, based on information and belief, venue for this action is proper in the Eastern Division of Central District of the United States District Court for the State of California. Further, Plaintiff is informed and believes that the largest percentage of impacted job applicants reside in the State of California, more than in any other individual state in the United States of America, and that each California job applicant provided disclosures by ADP is a member of the proposed nationwide class. Since Plaintiff's injury, incidence, and occurrence was

in Fontana, California, Plaintiff alleges that the Federal District Court for the Central District of California, Eastern Division is the appropriate venue and jurisdiction for the FCRA claim and that the ICRAA claim is a proper exercise of federal supplemental jurisdiction. Venue is proper pursuant to 28 U.S.C. sections 84(c)(2) and 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this judicial district.

## **PARTIES**

12.   Plaintiff PEDERSON is a resident of the State of California, the city of Moreno Valley. On or about September 19, 2017, PEDERSON initially applied for employment and was required to review FCRA and ICRAA disclosure forms prepared, distributed, and processed by ADP. At that time, PEDERSON was provided with an employment application that included within it, and not as a stand-alone document, a written disclosure and consent form stating that an investigative consumer report may be obtained for employment purposes. This employment application disclosure and consent form also contained additional information not required by the statute and state law disclosures in violation of law. See, *Syed v. M-I, LLC*, 846 F.3d 1034 (9th Cir. 2017) and *Gilberg v. Cal. Check Cashing Stores, LLC*, 913 F.3d 1169 (9th Cir. 2019). A true and correct copy of the FCRA and ICRAA disclosure document [with Plaintiff's social security number  redacted] is attached hereto as **Exhibit 1,** and is expressly incorporated into this Complaint by this reference.

13.   Upon seeking employment, Plaintiff was required to submit application documentation, submission of FCRA and ICRAA disclosure and consent forms for consumer credit, and background history reports on documents that were exclusively prepared and proprietary to ADP. ADP used these forms to actually engage in a variety of invasive privacy background checks and consumer reports. At no time was Plaintiff aware that as part of his application process, he was required to sign or execute a disclosure or consent that did not comply with

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

and in fact violated the FCRA and the ICRAA. Had Plaintiff known he was providing consent to obtain such private consumer information and data, and had he been aware that the disclosures were unlawful, he would not have permitted Defendants to obtain the information.

14.    Defendants ADP, LLC, ADP PAYROLL SERVICES, INC., and AUTOMATIC DATA PROCESSING, INC. are believed to be Delaware Corporations with their headquarters and principle place of business located at One ADP Boulevard, in Roseland, New Jersey, 07086. Defendants provide consumer reporting, investigation and background checks, as well as payroll services throughout the country. See, https://www.adp.com/about-adp.aspx. At all times relevant to this action, Plaintiff is informed and believes that ADP used its exclusive, proprietary, and systematically designed disclosure to procure and obtain consumer reports and background checks for thousands of job applicants in the United States and in the State of California that did not comply with the FCRA or the ICRAA.

15.    Based on records of the California Secretary of State as of the filing date of this Complaint, Defendant ADP, LLC has been suspended from doing business in the State of California but is believed to be the subsidiary of AUTOMATIC DATA PROCESSING. Plaintiff is informed and believes that ADP, LLC actually develops, markets, and distributes the system of "ADP Screening and Selection Services" to employers throughout the United States of America and the State of California as part of its proprietary services to engage in data processing.

16.    Plaintiff is unaware of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as DOES 1 through 100, but is informed and believes, and thereon alleges, that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend this

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

CLASS ACTION COMPLAINT

complaint when their true names and capabilities are ascertained.

17.    Plaintiff is informed and believes and thereon alleges that each Defendant, directly or indirectly, or through agents or other persons, sought a consumer report without adequate disclosures and consent. Plaintiff is informed and believes, and thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each Defendant is legally attributable to the other Defendants.

## **GENERAL ALLEGATIONS**

18.    This class action arises from ADP's acquisition, procurement, and use of consumer background, investigative, and/or consumer reports (referred to collectively as "consumer reports"), as supplied by any third-party consumer reporting agencies, to conduct background checks on Plaintiff and other prospective, current, and former employees of various companies that use ADP's proprietary "Screening and Selection Services." The term "consumer report" includes not only credit worthiness, standing, and capacity; it also includes character, general reputation, personal characteristics, or mode of living to analyze eligibility for employment purposes. 15 U.S.C. § 1681a(d). Thus, the background reports that Defendants obtain regarding applicants or current employees are "consumer reports" as defined by the FCRA. 15 U.S.C. § 1681a(d).

19.    Plaintiff is a "consumer" as defined by the FCRA. 15 U.S.C. § 1681a(c). ADP is a "person" as defined by the FCRA. 15 U.S.C. § 1681a(b). Upon information and belief, ADP obtained the consumer report from a third party "consumer reporting agency," which is defined as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f).

20.    Plaintiff and each Plaintiff Class Member were individuals covered by the FCRA and as such, Defendant ADP was required to provide a stand-alone disclosure in writing that a consumer report may be obtained for employment purposes and obtain a valid, written authorization prior to obtaining a consumer report. 15 U.S.C. §§ 1681b(b)(2)(A)(i) and (ii). The disclosure and authorization, as a matter of law, may not contain extraneous material such as state law disclosures, or other language than that specifically required by the statutes. Based on **Exhibit 1** attached to this Complaint, Plaintiff is informed and believes and based thereon alleges that ADP's "Screening and Selection Services" disclosure and authorization fail to comply with the FCRA and the ICRAA.

21.    At the time of seeking employment, Plaintiff was presented with the following disclosure or authorization language, which was included in ADP's standard "Screening and Selection Services" documentation, prepared and drafted by ADP, that included the following language:

> "After carefully reading the Fair Credit Reporting Act Disclosure, the California Investigative Consumer Reporting Agency Act Disclosure and this Authorization form, I authorize the Company to order my background report, including investigative consumer reports, under my legal name, including any former names I may have used. I understand that the Company may rely on this authorization to order additional background reports, including investigative consumer reports, during my employment without asking me for my authorization again as allowed by law.
>
> I also authorize the following agencies and entities to disclose to ADP Screening and Selection Services and its agents all information about or concerning me, including but not limited to: my past or present employers; learning institutions, including colleges and universities; law enforcement and all other federal, state and local agencies; federal, state and local courts; the military; credit bureaus; testing facilities; motor vehicle records agencies; if

applicable, worker's compensation injuries; all other private and public sector repositories of information; and any other person, organization, or agency with any information about or concerning me. The information that can be disclosed to ADP Screening and Selection Services and its agents includes, but is not limited to, information concerning my employment history, earnings history, education, credit history, motor vehicle history, criminal history, military service, professional credentials and licenses and substance abuse testing.

I agree the Company may rely on this authorization to order background reports, including investigative consumer reports, from companies other than ADP Screening and Selection Services without asking me for my authorization again as allowed by law. I also agree that a copy of this form is valid like the signed original. I certify that all of the personal information I provided is true and correct.

If you live or work for the Company in California, Minnesota or Oklahoma: Select Yes if you would like a free copy of background check report:…………………………………………………..

In the last seven (7) years, have you been convicted of, plead guilty, no contest or nolo contendere, to a misdemeanor or felony?

* California employees: You need not disclose any referral to, and participation in, any pre-trial or post-trial diversion program, or any misdemeanor convictions for which probation has been successfully completed and discharged. Do not list any marijuana-related misdemeanor convictions over two years old, or felony marijuana convictions under California Health and Safety Code Section 11360 (c) which occurred prior to 1976.

* San Francisco, CA employees: You may exclude convictions that occurred over seven years ago and a conviction or any other determination or adjudication in the juvenile justice system, or information regarding a matter considered in or processed through the juvenile justice system.

If you answered "Yes", provide city, county, and state of conviction and date and nature of the offense, along with sentencing information.

**ADDITIONAL BACKGROUND CHECK INFORMATION:**

The information requested below is collected solely for the purpose

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

of aiding the Company in running a background check in connection with your application for employment. The employer is requesting that you provide this information to assist in conducting a thorough background check.

For residents of, or for jobs located in Utah, please do NOT provide your date of birth, social security number or driver's license number until instructed to do so by the Company.

If you are an applicant, employee or contractor in any of the states listed below, please also note the following:

**MASSACHUSETTS**: You have the right to know whether the Company requested an investigative consumer report about you and, upon written request to the Company, to receive a copy of any such report. You also have the right to ask the consumer reporting agency for a copy of any such report.

**MINNESOTA**: You have the right in most circumstances to submit a written request to the consumer reporting agency for a complete and accurate disclosure of the nature and scope of any consumer report the Company ordered about you. You also have a right to receive a copy of the report.

**NEW JERSEY**: You have the right to submit a request to the consumer reporting agency for a copy of any investigative consumer report the Company requested about you. Click here to view summary of your rights under the New Jersey Fair Credit Reporting Act.

**WASHINGTON STATE**: If the Company requests an investigative consumer report, you have the right, upon written request made within a reasonable period of time after your receipt of this disclosure, to receive from the Company a complete and accurate disclosure of the nature and scope of the investigation requested by the Company. You are entitled to this disclosure within 5 days after the date your request is received or the Company ordered the report, whichever is later. You also have the right to request from the consumer reporting agency a written summary of your rights and remedies under the Washington Fair Credit Reporting Act, click here to view it.

The Fair Credit Reporting Act and state laws give you specific rights in dealing with consumer reporting agencies. You will find these rights summarized on A Summary of Your Rights Under the Fair Credit Reporting Act, A Summary of Your Rights Under the

CLASS ACTION COMPLAINT

Provisions of California Civil Code Section 1786.22, New York Correction Law Article 23-A, and other state and local law disclosures which are provided here with this Additional Background Check Information form.

\*\*\*

## <u>BACKGROUND CHECK DISCLOSURE</u>

In the interest of maintaining the safety and security of our customers, employees and property, 24 Hour Fitness USA, Inc (the "Company") will order a background report, called an "investigative consumer report" in California, on you in connection with your employment application, and if you are hired, or if you already work for the Company, may order additional background reports on you for employment purposes.

The background check company, ADP Screening and Selection Services, will prepare the background report for the Company. ADP Screening and Selection Services is located at 301 Remington Street, Fort Collins, CO, 80524, and can be reached by phone at 800-367-5933 or at their Internet Web site address www.adpselect.com. Information about ADP Screening and Selection Services's privacy practices are available at https://www.adp.com/privacy/privacy-statement.aspx.

The background report may contain information concerning your character, general reputation, personal characteristics, mode of living, and credit standing. The types of information that may be ordered include but are not limited to: Social Security number verification; criminal, public, educational and, as appropriate, driving records checks; verification of prior employment; reference, licensing and certification checks; credit reports; and drug testing results. The Company may order a background report under your legal name and any other names you may have used.

The information may be obtained from private and public record sources, including personal interviews with your associates, friends, and neighbors. The nature and scope of the most common form of investigative consumer report is an investigation into your education and/or employment history conducted by ADP Screening and Selection Services or another outside organization.

Additional information is contained in A Summary of Your Rights Under the Provisions of California Civil Code Section 1786.22 which is provided with this Disclosure."

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

22.    Plaintiff signed and dated this document and returned it to ADP to then process it. A true and correct copy of document containing the above language is attached at **Exhibit 1** hereto (personal information pertaining to Plaintiff has been redacted for privacy).

23.    As set forth above, the form provided to Plaintiff contained additional types of disclosures pertaining to types of background and investigative checks. However, the FCRA and the ICRAA specifically preclude this type of information from the definition of "consumer reports" or "investigative consumer reports." See 15 U.S.C. § 1681a(d)(2)(A)(i) (excluding "reports containing information solely as to transactions or experiences between the consumer and the person making the report" from definition of consumer reports); 15 U.S.C. § 1681a(d)(2)(A)(i) (excluding "specific factual information on a consumer's credit record obtained directly from a creditor or a consumer" from definition of investigative consumer reports); Cal. Civ. Code § 1785.3(c)(1) (excluding "any report containing information solely as to transactions or experiences between the consumer and the person making the report" from definition of consumer credit report); Cal. Civ. Code § 1786.2(c) (excluding information obtained "directly from a creditor of the consumer" from definition of investigative consumer report). The inclusion of this extraneous, unnecessary information causes confusion.

24.    Although the disclosure and the authorization may be combined in a single document, the FTC has warned that the form should not include any extraneous information or be part of another document. The plain language of the statute also clearly indicates that the inclusion of extraneous information in a disclosure form violates the disclosure and authorization requirements of the FCRA because such a form would not consist "solely" of the disclosure. In fact, the FTC expressly has warned that the FCRA notice may not include extraneous information. In a 1998 opinion letter, the FTC stated: "[W]e note that your draft

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

disclosure includes a waiver by the consumer of his or her rights under the FCRA. The inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes."

25.    In a report dated July 2011, the FTC reiterated that: "the notice [under 15 U.S.C. § 1681b(b)(2)(A)] may not include extraneous or contradictory information, such as a request for a consumer's waiver of his or her rights[.]"

26.    The inclusion of the above extraneous information in the purported disclosure violates Section 1681b(b)(2)(A) of the FCRA.

27.    On information and belief, the above-described "ADP Screening and Selection Services" form was presented to Plaintiff was used regularly by Defendants for thousands of job applicants during the relevant time period.

28.    This form, however, does not comply with the FCRA because: (1) it does not disclose that a "consumer report" will be obtained; (2) it does not seek written authorization from prospective applicants to obtain a "consumer report"; and (3) it is included on the same document along with numerous other extraneous statements, not in a document that consists only of the disclosure and authorization as required by the FCRA. Plaintiff is informed and believes that the provisions violate law but did not discover such information until sometime in the early 2019 when seeking legal advice.

29.    In light of the potentially determinative role that consumer reports can play regarding an applicant's employment prospects, employers are required to ensure that all applicants are aware of the employer's intention to procure a "consumer report."

30.    Specifically, an employer or prospective employer cannot "procure, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless…a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be

procured, ***in a document that consists solely of the disclosure***, that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i) [emphasis added]. This requirement is frequently referred to as the "stand-alone disclosure requirement."

31.    The stand-alone disclosure requirement is important because it enables consumers to control and correct the information that is being disseminated about them by third parties.

32.    ADP has willfully and systematically violated 15 U.S.C. section 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making a proper disclosure as required by the FCRA.

33.    Many of the extraneous pieces of information included in ADP's job application are the subject of longstanding FTC and judicial guidance indicating that their presence alone is sufficient to render an otherwise compliant disclosure non-compliant.

34.    Additionally, Plaintiff only recently discovered that Defendants' disclosures violated the FCRA and alleges that had he known at the time he executed the form that it contained illegal provisions, including the extraneous information and state law disclosures, he would not have agreed to the release as a condition precedent to being offered the job.

35.    On information and belief, the above-described "ADP Screening and Selection Services" authorization presented to Plaintiff was used regularly by Defendants prior to generating and procuring consumer reports for prospective job applicants, employees, and independent contractors during the relevant time period for any employer who utilized ADP's services for such consumer reports or background checks during the proposed Class Period.

36.    The forms at issue in this case do not comply with the FCRA and ADP failed to comply with the FCRA in that: (1) it failed to obtain proper

authorization from consumers because the purported stand-alone disclosure contains other improper conditions and terms; and (2) a single instance of consent by a consumer cannot constitute a standing consent for further consumer reports.

37.    Defendants have willfully and systematically violated 15 U.S.C. section 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making a proper disclosure as required by the FCRA.

38.    In addition to the lack of a stand-alone disclosure, in violation of 15 U.S.C. section 1681b(b)(2)(A)(i), the disclosure requirements are especially important because consumers need to know when they are going to be evaluated for employment based on a consumer report. Consumers have a right to copies of their consumer reports, and it is critical that consumers are aware that a report is going to be procured so that, if they choose, they can request a copy of the report to proactively ensure that it does not contain any errors. Up to twenty-six percent of consumers have material errors in their consumer reports. See, Fed. Trade Comm'n, Report to Congress Under Section 319 of the Fair & Accurate Credit Transactions Act of 2003, at p. i (Dec. 2012), available at:

www.ftc.gov/os/2013/02/130211factareport.pdf  (last accessed April 29, 2019).

39.    As a result, the purported prospective consent as carte blanche authorization of unidentified future consumer reports at any time throughout employment is impermissible and violates both the FCRA disclosure and certification requirements, along with being contrary to legislative purposes.

40.    ADP knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission. Defendants obtained or had available substantial written materials which apprised them of their duties under the FCRA. Any reasonable person that procures or uses consumer reports in making employment decisions knows about or can easily

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

discover these obligations.

41.     Plaintiff, individually and on behalf of all other persons similarly-situated, seeks compensatory and punitive damages due to Defendants' systematic and willful violation of the FCRA. On behalf of himself and the putative Class, Plaintiff seeks statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, and all other appropriate relief.

## CLASS ACTION ALLEGATIONS

42.     Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to Federal Rule of Civil Procedure, Rule 23(b)(2) (class certification without notice), Rule 23(b)(3) (class certification with notice and recovery of statutory damages), and/or, in the alternative, Rule 23(c)(4) (certification of a legal issue or question). The members of the Plaintiff Class and Subclasses are defined as follows:

**PLAINTIFF NATIONWIDE "FCRA" CLASS:** All persons in the United States of America from at least five years prior to the commencement of this action until commencement of trial (or such earlier time before trial as the Court may order, i.e., the proposed "CLASS PERIOD") whom (1) Defendants provided a FCRA "Screening and Selection Services" Authorization and Release document identical to or substantially identical to the disclosure document provided to Plaintiff as part of a job application process and (2) where Defendant actually acquired and/or obtained a "background check" and/or "consumer report" for such individuals based on the executed "ADP Screening and Selection Services" Authorization and Release document.

**PLAINTIFF CALIFORNIA "ICRAA" SUBCLASS**: All persons residing in the State of California from at least two years prior to the commencement of this action until commencement of trial (or such earlier time before trial as the Court may order, i.e., the proposed "CLASS PERIOD") who (1) Defendants provided a ICRAA "ADP Screening and Selection Services" Authorization and Release document identical to or substantially identical to the disclosure

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

document provided to Plaintiff as part of a job application process and (2) where Defendants actually acquired and/or obtained a "background check" and/or "consumer report" for such individuals based on the executed "ADP Screening and Selection Services" Authorization and Release document.

43.    Plaintiff reserves the right under the other applicable Federal Rules of Civil Procedure to amend or modify the class definition(s) with respect to issues or in any other ways. Plaintiff is the Named Representative and is a member of the Plaintiff Class. Plaintiff seeks class-wide recovery based on the allegations set forth in this Complaint.

44.    This action has been brought and may be maintained as a class action pursuant to Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Plaintiff Class is easily ascertainable through the records Defendants are required to keep.

45.    **Numerosity**. The members of the Plaintiff Class are so numerous that individual joinder of all of them as plaintiffs is impracticable. While the exact number of the Plaintiff Class Members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are thousands of Plaintiff Class Members.

46.    **Commonality and Predominance**. Common questions of law and fact exist as to all Plaintiff Class Members and predominate over any questions that affect only individual members of the Plaintiff Class. These common questions include, but are not limited to:

**Common and predominate questions for the Plaintiff Nationwide FCRA Class and the Plaintiff California ICRAA Subclass as follows:**

a.    Did Defendants violate the FCRA and/or the ICRAA by failing to provide a disclosure to each applicant in writing that a "consumer report" will be obtained for employment purposes;

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

b.  Did Defendants violate the FCRA and/or the ICRAA by failing to obtain written authorization from each applicant for a "consumer report" each time a "consumer report" was generated and procured for each applicant and existing employee;

c.  Did Defendants violate 15 U.S.C. section 1681b(b)(2)(A) by failing to make a "clear and conspicuous" disclosure;

d.  Does including the required 15 U.S.C. section 1681b(b)(2)(A) disclosure within the application for employment, rather than as a stand-alone document, violate the FCRA;

e.  Did Defendants violate 15 U.S.C. section 1681b(b)(2)(A) by failing to make the required disclosure "*in a document that consists solely of the disclosure*";

f.  Did Defendants violate 15 U.S.C. section 1681b(b)(2)(A) by using two different, conflicting disclosure and authorization forms to procure a consumer report;

g.  Whether Defendants willfully violated the FCRA, requiring statutory damages to Plaintiff and the Plaintiff Class pursuant to 15 U.S.C. section 1681n(a);

h.  Whether Plaintiff and the Plaintiff Nationwide FCRA Class are entitled to statutory damages pursuant to 15 U.S.C. section 1681n(a), and if so, the amount and calculation of statutory damages;

i.  Whether Plaintiff and the Plaintiff Nationwide FCRA Class are entitled to punitive damages pursuant to 15 U.S.C. section 1681n(a)(2), and if so, the amount and calculation of punitive damages;

j.  Did Defendants violate the ICRAA by failing to give Plaintiff and other employment applicants clear and conspicuous disclosure in a stand-alone document that an investigative consumer report may be required, in violation of California Civil Code section 1786.16(a);

k.  Did Defendants violate the ICRAA by failing to give Plaintiff and other employment applicants clear and conspicuous disclosure in a stand-alone document of the nature and scope of an investigative consumer report, in violation of California Civil Code section 1786.16(a);

l.  Did Defendants violate the ICRAA by failing to provide

CLASS ACTION COMPLAINT

Plaintiff and other employment applicants a copy of the investigative consumer report, in violation of California Civil Code section 1786.16(b);

m.  Did Defendants violate the ICRAA by failing to certify to the investigative consumer reporting agency that they have made the applicable required disclosures to the consumer and that they will comply with the notice requirements under the ICRAA, in violation of California Civil Code section 1786.16(a); and

n.  Whether Plaintiff and the Plaintiff California ICRAA Subclass are entitled to statutory damages for Defendants' violation of the ICRAA.

36.  **Typicality**. Plaintiff's claims are typical of the claims of the other members of the Plaintiff Class. Plaintiff and other members of the Plaintiff Class were subject to the same ADP policy and practice of failing to provide a proper, stand-alone disclosure advising that it will obtain a consumer report; failing to obtain proper written authorization prior to procuring that consumer report; and using a single instance of purported consent to prospectively authorize further unidentified future consumer reports.

37.  **Adequacy**.  Plaintiff will adequately and fairly protect the interests of the members of the Plaintiff Class. Plaintiff has no interest adverse to the interests of absent Plaintiff Class Members. Plaintiff is represented by attorneys who have substantial class action experience in employment and consumer class action law.

38.  **Superiority**. A class action is superior to other available means for fair and efficient adjudication of the claims of the Plaintiff Class and would be beneficial for the parties and the Court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The damages suffered by each Class Member are relatively small in the context of a class

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

action analysis, and the expense and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to seek and obtain individual relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

39.    **Manageability**. Plaintiff is informed and believes and based thereon alleges that this case is manageable as a class action as each and every individual involved and for whom a "background check" and/or consumer report was run is readily known and identifiable with contact data by and through ADP and its proprietary "Screening and Selection Services" products sold and marketed to employers in the United States and in the State of California. To the extent there is variation in damages, in the event of liability, notice to the class can allow those individuals who believe they have actual damages greater than a statutory damage recovery can be identified and can opt-out of the action and have the right to proceed individually against the Defendants. Liability and statutory damages are capable of being established by common proof, legal adjudication of issues, and calculation of statutory damages by qualified consultants, accountants and experts.

## FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### [15 U.S.C. § 1681b]
### (By Plaintiff and the Plaintiff Nationwide FCRA Class against all Defendants)

40.    Plaintiff incorporates each of the preceding paragraphs as if set forth in full herein.

41.    At all relevant times, Plaintiff and all other members of the Plaintiff Class were applicants for employment who filled out forms prepared by ADP throughout the United States. During the Class Period, Plaintiff and each member

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

of the Plaintiff Class sought employment via ADP forms in the United States. As part of the employment process, Defendant ADP obtained a consumer report for Plaintiff and the putative Class Members.

42.    ADP failed to provide to Plaintiff and putative Class Members clear and conspicuous written notice that a "consumer report" will be obtained for employment purposes; failed to provide the required disclosure in a stand-alone document that consists solely of that disclosure, and instead included a variety of other employment application materials and requests for information; and failed to obtain from Plaintiff and putative Class Members a valid, written authorization prior to obtaining a consumer report.

43.    Defendants' conduct in violation of Section 1681b of the FCRA was and is willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and putative Class Members. Defendants' willful conduct is reflected by, among other things, the following facts:

(a)    The FCRA was enacted in 1970 and the obligations are well-established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission. ADP obtained or had available substantial written materials which apprised it of its duties under the FCRA. Any reasonable person procuring or using consumer reports knows about or can easily discover these obligations.

(b)    ADP is a large company with access to legal advice through its own general counsel's office and outside employment counsel. Further, ADP's competitors clearly and conspicuously disclose to prospective and existing employees, in a document consisting solely of the disclosure, that a consumer report may be obtained for employment purposes;

(c)    ADP's "Employment Application Authorization" and "Authorization" forms included a single consent that purportedly provides

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

blanket consent and *carte blanche* for future procuring and furnishing of consumer reports for Plaintiff and putative class members while employed by Defendants' clients. The notion that such consent can be prospective runs counter to Section 1681b(b)(1)'s use of the phrase "has complied" with certification requirements, which clearly appears to refer retrospectively to an action already taken. ADP cannot certify that it "has complied" with the FCRA before having done so;

(d)    ADP included in its Employment Application Authorization provided to its clients that it sought authorization to "thoroughly investigate" and refers to a search of public records, and Defendant ADP included in its Authorization form reference to the Federal Fair Credit Reporting Act which, although both documents are defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

(e)    The plain language of the statute unambiguously indicates that inclusion of state law disclosures and unrelated background checks, which are expressly precluded from the FCRA, in a disclosure form violates the disclosure and authorization requirements;

44.    In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. section 1681o.

45.    As a result of ADP's illegal procurement of consumer reports by way of its inadequate disclosures and authorizations, as set forth above, Plaintiff and the Plaintiff Class Members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

46.    Pursuant to the FCRA, 15 U.S.C. section 1681n(a)(1)(A), Plaintiff and the Plaintiff Class Members are entitled to recover statutory damages of "not less than $100 and not more than $1,000."

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

47.    To the extent the FCRA provides for reasonable attorneys' fees and litigation costs, Plaintiff will seek same if he is the prevailing party in the action, subject to court approval.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE CALIFORNIA INVESTIGATION AND CONSUMER REPORTING AGENCIES ACT**
**[California Civil Code §§ 1786, *et seq*.]**
**(By Plaintiff and the Plaintiff California ICRAA Subclass as against all Defendants)**

48.    Plaintiff incorporates each of the preceding paragraphs as if set forth in full herein.

49.    Section 1785.20.5(b) of the ICRAA provides in pertinent part as follows: "Whenever employment involving a consumer is denied either wholly or partly because of information contained in a consumer credit report from a consumer credit reporting agency, the user of the consumer credit report shall so advise the consumer against whom the adverse action has been taken and supply the name and address or addresses of the consumer credit reporting agency making the report."

50.    Defendants violated this section of the ICRAA by failing to advise consumers, including Plaintiff, that adverse action would be taken either wholly or partly because of information contained in a consumer credit report and by failing to supply the name and address or addresses of the agency making the report.

51.    As a result of Defendants' willful or grossly negligent failure to provide the required form and/or report(s) as set forth above, Plaintiff and Subclass Members have been injured by, among other things, having their privacy and statutory rights invaded in violation of the ICRAA.

52.    Plaintiff, on behalf of himself and all Subclass Members, seeks all available remedies pursuant to Cal. Civ. Code section 1785.31, including actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

and costs.

## THIRD CAUSE OF ACTION
### VIOLATION OF UNFAIR COMPETITION LAW
**[Cal. Business & Professions Code §§ 17200,** *et seq***.]**
**(By Plaintiff and the Plaintiff California ICRAA Subclass Only as against all
Defendants)**

53.    Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

54.    California's Unfair Competition Law ("UCL"), California Business & Professions Code sections 17200, *et seq.*, protects both consumers and competitors by promoting fair competition in commercial markets for goods and services. The UCL prohibits any unlawful, unfair or fraudulent business act or practice. A business practice need only meet one of the three criteria to be considered unfair competition. An unlawful business practice is anything that can properly be called a business practice and that at the same time is forbidden by law.

55.    Defendants have violated the "unfair" prong of the UCL in that they gained an unfair business advantage by failing to comply with state and federal mandates in conducting background checks and otherwise taking the necessary steps to adhere to the FCRA and the ICRAA. Further, any utility for Defendants' conduct is outweighed by the gravity of the consequences to Plaintiff and Subclass Members because the conduct offends public policy.

56.    Based on the development of law under the FCRA and the ICRAA, Defendants' conduct above also violates the "unlawful" clause of the UCL in that Defendants knew or should have known for at least the past two years that the extraneous matters in the disclosure forms violated law. As a result of Defendants' conduct described herein and their willful violations of California Business & Professions Code section 17203, Plaintiff and the Subclass have lost money and suffered harm as described herein.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

57.    Pursuant to California Business & Professions Code section 17203, Plaintiff seeks an order enjoining Defendants from continuing to engage in the unfair and unlawful conduct described herein.

## **PRAYER**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

A.    For certification of this action as a class action under Fed. R. Civ. P. Rule 23 (b)(2), Rule 23(b)(3), and/or Rule 23(c)(4);

B.    For appointment of Plaintiff as the representative of the Plaintiff Nationwide FCRA Class and the Plaintiff California ICRAA Subclass;

C.    For appointment of Cohelan Khoury & Singer and the Law Offices of Sahag Majarian as counsel for Plaintiff and as Class Counsel;

D.    A determination and judgment that Defendants willfully violated the FCRA, 15 U.S.C. section 1681b(b)(2)(A)(i);

E.    An award of statutory damages to Plaintiff and the Plaintiff Class Members in an amount equal to $1,000, but not less than $100, pursuant to 15 U.S.C. section 1681n(a)(1);

F.    An award of punitive damages to Plaintiff and the Plaintiff Class Members pursuant to 15 U.S.C. section 1681n(a)(2);

G.    An award of actual damages to Plaintiff and the Plaintiff Class Members pursuant to 15 U.S.C. section 1681o(a)(1);

H.    An award providing for payment of costs of suit and reasonable attorneys' fees pursuant to 15 U.S.C. section 1681n(a)(3);

I.    An award of statutory damages to each member of the Plaintiff California ICRAA Subclass, in an amount according to proof;

J.    For an award of appropriate equitable relief, including but not limited to an restitution for actual losses, and injunctive or

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

declaratory relief finding that Defendants' conduct is unfair competition and/or unlawful and forbidding Defendants from engaging in further unlawful conduct in violation of the FCRA, the ICRAA, and the UCL;

K.    For an order awarding reasonable attorneys' fees and the costs of suit herein, including an award of attorneys' fees and costs pursuant to 15 U.S.C. section 1681n, 15 U.S.C. section 1681o, California Civil Code section 1785.31, California Civil Code section 1786.50, and California Code of Civil Procedure section 1021.5, subject to Court approval; and

L.    For such other relief the Court deems just and proper.

Dated: May 2, 2019          **COHELAN KHOURY & SINGER**

                            By:   /s/  J. Jason Hill
                            _____
                                  Michael D. Singer, Esq.
                                  J. Jason Hill, Esq.
                                  Kristina De La Rosa, Esq.

                                  Attorneys for Plaintiff BANJAMIN PEDERSON, individually and on behalf of others similarly situated.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands jury trial for all claims so triable.

Dated: May 2, 2019          **COHELAN KHOURY & SINGER**

                            By:    /s/  J. Jason Hill
                            _____
                                  Michael D. Singer
                                  J. Jason Hill
                                  Kristina De La Rosa, Esq.

                            Attorneys for Plaintiff BENJAMIN PEDERSON, individually and on behalf of others similarly situated.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101